UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STACY PATRICK, formerly known as COMPTON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:14-cv-00539-RLY-TAB |
| PYOD, LLC, a Delaware LLC, and RESURGENT CAPITAL SERVICES, LP a Delaware limited partnership, | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiff, Stacy Patrick, alleges that Defendants Pyod, LLC ("PYOD") and Resurgent Capital Services, LP ("Resurgent") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5), by filing two proofs of claim that were barred by the Indiana statute of limitations. Defendants filed a motion to dismiss, arguing that a proof of claim cannot form the basis of an FDCPA claim. The court, persuaded by the Eleventh Circuit's recent decision in *Crawford v. LVNV Funding, LLC*, No. 13-12389, 2014 WL 3361226 (11th Cir. Jul. 10, 2014) denied the motion to dismiss and found that a proof of claim can form the basis of an FDCPA claim. (Filing No. 31). Defendants now move the court for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and a stay pending that appeal. For the reasons set forth below, the court **GRANTS** the motion.

1

**I.     Standard**

According to 28 U.S.C. § 1292(b), the court may certify a case for interlocutory appeal if each of the following criteria are met: "(1) [it] involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Sauter v. Perfect North Slopes*, 993 F. Supp. 2d 926, 935 (S.D. Ind. 2014).

**II.    Discussion**

**A.     Controlling Question of Law**

The first criterion requires a "pure question of controlling law," which is "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* (citing *Ahrenholz v. Bd. Of Trust. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2002). In other words, the issue must be an abstract legal issue. *See Ahrenholz*, 219 F.3d at 677.

Although the Plaintiff does not dispute that the present issue is a controlling question of law, the court must ensure that all three criterion are satisfied. *See e.g., id.* The issue here is clearly an abstract legal issue – a record of facts is not needed to determine if the filing of a proof of claim in a bankruptcy proceeding on a time-barred debt can constitute a violation of the FDCPA. Additionally, this question is controlling because the entire action would be dismissed if this court's opinion is reversed. Therefore, the court finds that the first criterion is met.

**B.     Substantial Ground for Difference of Opinion**

Defendants allege that there is a substantial ground for difference of opinion because this court's ruling is contrary to several other district courts and the Seventh Circuit has not definitely ruled on this issue. As the court has previously stated, "'the mere lack of judicial precedent on the issue does not establish substantial ground for difference of opinion.'" *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F. Supp. 2d 903, 909 (S.D. Ind. 2002) (quoting *In re Demert & Dougherty, Inc.*, No. 01CV7289, 2001 WL 1539063, * 6 (N.D. Ill. 2001). Rather, to evaluate this factor the court examines "the strength of the arguments in opposition to the challenged ruling." *In re Bridgestone/Firestone*, 212 F. Supp. 2d at 909. "This analysis includes examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *Id.* at 909-910.

As the court acknowledged in its Entry, several other district courts have reached the opposite conclusion of this court and the Eleventh Circuit. Therefore, the court finds that the strength of the arguments in opposition is strong enough to create a substantial ground for difference of opinion. The court finds that the second criterion is satisfied.

### C. Materially Advance the Ultimate Termination of the Litigation

Defendant argues that an interlocutory appeal will materially advance the termination of this matter because the case would be dismissed should the Defendants prevail on appeal. Additionally, Defendants note that this case is a putative class action, which, if allowed to proceed, will require costly discovery and other litigation expenses that could be spared with an immediate appeal. Because the present case involves a putative class action involving a single legal claim, the court agrees that an interlocutory

appeal would materially advance the ultimate termination of the litigation. Therefore, the court finds that the third and final criteria is met.

### D. Request for Stay Pending Review

Finally, Defendants seek a stay of further proceedings in the matter pending Seventh Circuit review. In support, Defendants rely on a case from the Southern District of New York holding that in granting certification, the court should also stay all proceedings pending appeal. *See O'Brien v. Avco Corp.*, 309 F. Supp. 703, 704-05 (S.D.N.Y. 1969). While it is true that a district court must stay an interlocutory appeal on the issue of qualified immunity, the court is not required to stay all interlocutory appeals. Nevertheless, Plaintiff does not object to the stay. Therefore, the court **GRANTS** the stay pending appellate review.

## III. Conclusion

In conclusion, the court **GRANTS** the motion for leave to file an interlocutory appeal and for a stay pending that appeal. The court certifies the following issue to the Seventh Circuit: whether the filing of a proof of claim in a bankruptcy proceeding on a time-barred debt can constitute a claim under the FDCPA.

**SO ORDERED** this 20th day of October 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

4