UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STACY PATRICK, f/k/a Compton,
individually and on behalf of all others
similarly situated,

Case Number:  1:14-cv-00539-RLY-TAB

Plaintiff,

v.

PYOD, LLC and RESURGENT CAPITAL
SERVICES LP,

Defendants.

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT

Defendants PYOD, LLC ("PYOD") and Resurgent Capital Services, LP ("Resurgent") (collectively, the "Defendants"), by their undersigned counsel, as and for their Joint Answer to the Complaint of Stacy Patrick ("Plaintiff"), deny each and every allegation contained therein, unless otherwise admitted or qualified herein:

In response to the introductory paragraph of Plaintiff's Complaint, Defendants admit that Plaintiff brings this matter asserting violations of the FDCPA, but Defendants deny that they violated any law.  For the convenience of the Court, Plaintiff's complaint is laid out in the Answer.

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

RESPONSE:    In response to Paragraph 1 of Plaintiff's Complaint, Defendants admit that the statutes referenced confer jurisdiction on this honorable Court, but Defendants deny that they violated any law.

2.        Venue is proper in this District: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

RESPONSE:    In response to Paragraph 2 of Plaintiff's Complaint, Defendants admit that they transact business in this District, but state that they lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 2.

3.        Plaintiff, Stacy Patrick, f/k/a Compton ("Patrick"), is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendants attempted to collect delinquent consumer debts by filing time-barred proofs of claim in her bankruptcy matter.

RESPONSE:    In response to Paragraph 3 of Plaintiff's Complaint, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's place of residence.  Defendants deny the remaining allegations in Paragraph 3.

4.        Defendant, PYOD, LLC ("PYOD"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  PYOD operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant PYOD was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiff.

2

<u>RESPONSE:</u>    In response to Paragraph 4 of Plaintiff's Complaint, Defendant PYOD admits that it is a Delaware limited liability company.  Defendant PYOD further states that while at times its acts may be deemed that of a "debt collector," as defined by the FDCPA, it lacks knowledge or information sufficient to form a belief about whether it acted as a "debt collector," as defined by the FDCPA, in this matter.  Defendant PYOD denies the remaining allegations in Paragraph 6.

5.    Defendant, Resurgent Capital Services, LP ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Resurgent operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Resurgent was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiff.

<u>RESPONSE:</u>   In response to Paragraph 5 of Plaintiff's Complaint, Defendant Resurgent admits that it is a Delaware limited partnership and that it, at times, attempts to collect debts from consumers in Indiana.  Defendant Resurgent further states that while at times its acts may be deemed that of a "debt collector," as defined by the FDCPA, it lacks knowledge or information sufficient to form a belief about whether it acted as a "debt collector," as defined by the FDCPA, in this matter.

6.    Defendant PYOD is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through its sister company, Defendant Resurgent, via collection letters and filing proofs of claim in consumer bankruptcies.

RESPONSE:    In response to Paragraph 6 of Plaintiff's Complaint, Defendant PYOD admits that it buys portfolios of defaulted consumer debts.    Defendant PYOD denies the remaining allegations in Paragraph 6.

7.    Defendants PYOD and Resurgent are each authorized to conduct business in Indiana, and maintain a registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A.  In fact, both PYOD and Resurgent conduct business in Indiana.

RESPONSE:    In response to Paragraph 7 of Plaintiff's Complaint, Defendants admit that they conduct business in Indiana.  Defendants further admit that Plaintiff references an Exhibit to the Complaint, but deny any characterization of the Exhibit inconsistent therewith.

8.    Defendants PYOD and Resurgent are each licensed as debt collection agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, both PYOD and Resurgent act as collection agencies in Indiana.

RESPONSE:    In response to Paragraph 8 of Plaintiff's Complaint, Defendants admit that they act as collection agencies in Indiana.  Defendants admit that Plaintiff references an Exhibit to the Complaint, but deny any characterization of the Exhibit inconsistent therewith.

9.    Due to financial difficulties, Plaintiff Patrick was forced during 2003 to stop paying some of her debts, which included credit card accounts she allegedly owed to First Premier Bank and Capital One Bank.  After these debts became delinquent they were allegedly transferred/sold to other debt buyers who, at some unknown point in time, sold or transferred the debts to PYOD.

<u>RESPONSE:</u>    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.    Ultimately, Ms. Patrick filed a Chapter 13 bankruptcy petition in a matter styled In re: Patrick, S.D. Ind. Bankr. No. 13-03163-JMC-13.  Although the statute of limitations in the State of Indiana for collecting delinquent credit card debts, pursuant to Indiana Code § 34-11-2, is six years from the date of the last activity, on July 25, 2013, Resurgent filed two proofs of claim for PYOD against Ms. Patrick in her bankruptcy.

<u>RESPONSE:</u>    In response to Paragraph 10 of Plaintiff's Complaint, Defendants admit, on information and belief, that Plaintiff filed a Chapter 13 bankruptcy petition, as alleged. Defendant Resurgent further admits that it filed two proofs of claim in Plaintiff's bankruptcy, as alleged, and Defendants admit that Plaintiff cites to the referenced statute, but deny any characterization inconsistent therewith.  Finally, Defendants admit that Plaintiff references an Exhibit to the Complaint, but deny any characterization of the Exhibit inconsistent therewith.

11.    Specifically, Claim No. 8-1, in the amount of $511.18, was filed as to the alleged First Premier account, even though the date of last activity on that account was May 4, 2003. Claim No. 9-1, in the amount of $800.70, was filed as to the alleged Capital One account, even though the date of last activity on that account was March 6, 2003.   Copies of these proofs of claim are attached as Group Exhibit C.

<u>RESPONSE:</u>    In response to Paragraph 11 of Plaintiff's Complaint, Defendants admit that Plaintiff references an Exhibit to the Complaint, but deny any characterization of the Exhibit inconsistent therewith.  In connection with the allegations contained in Paragraph 11, Defendants allege (1) that the proofs of claim were filed directly with the Bankruptcy Court via the CM/ECF

system; (2) that Defendants did not send copies of the proofs of claim to the Plaintiff; (3) that, by virtue of CM/ECF filing and service of the proofs of claim, the bankruptcy trustee and Plaintiff's bankruptcy counsel received copies of the proofs of claim and (4) that, on information and belief, Plaintiff did not personally review the filed proofs of claim.

12.     Accordingly, Ms. Patrick's bankruptcy counsel was forced to object to these time-barred proofs of claim via written objections, which were filed on July 26, 2013.  Copies of Ms. Patrick's objections to Defendants' proofs of claim are attached as Group Exhibit D.

RESPONSE:     In response to Paragraph 12 of Plaintiff's Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's counsel's actions.  Defendants admit that Plaintiff references an Exhibit to the Complaint, but deny any characterization of the Exhibit inconsistent therewith.

13.     On September 3, 2013, the Bankruptcy Court sustained the objections and disallowed Defendants' time barred proofs of claim.  Copies of the Court's Orders are attached as Group Exhibit E.

RESPONSE:     In response to Paragraph 13 of Plaintiff's Complaint, Defendants admit that Plaintiff references an Exhibit to the Complaint, but deny any characterization of the Exhibit inconsistent therewith.  In connection with the allegations contained in Paragraph 13, Defendants allege that Plaintiff's confirmed Chapter 13 Plan provides for *pro rata*, rather than one hundred percent (100%) payment of non-priority, unsecured claims, such as those filed by Defendant Resurgent.  A true and correct copy of Plaintiff's confirmed Chapter 13 Plan is attached hereto as Exhibit 1.

14.     All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

RESPONSE:     Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.   See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

RESPONSE:     In response to Paragraph 15 of Plaintiff's Complaint, Defendants admit that Plaintiff purports to paraphrase the referenced case law, and deny any characterization inconsistent therewith.

16.     Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

RESPONSE:     In response to Paragraph 16 of Plaintiff's Complaint, Defendants admit that Plaintiff purports to paraphrase the referenced statute, and deny any characterization inconsistent therewith.

17.     Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 2014 U.S. App. LEXIS 4592 (7th Cir. 2014).

RESPONSE:     Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint and deny any characterization of the cited opinions inconsistent therewith.

18.     By filing bankruptcy proofs of claim for debts that were plainly time-barred under Indiana Law, Defendants PYOD and Resurgent took actions that they could not legally take and, thus, they have violated § 1692e(5) of the FDCPA.

RESPONSE:     Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

RESPONSE:     Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Plaintiff Patrick brings this action individually and as a class action on behalf of all persons similarly situated in the United States from whom Defendants attempted to collect a delinquent time-barred consumer debts, by filing a proof of claim during a bankruptcy proceeding, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' collection practice, of filing time- barred proofs of claim in bankruptcy proceedings in an attempt to collect debts that were beyond the statute of limitations, violates the FDCPA, and asks that this Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

RESPONSE:     In response to Paragraph 20 of Plaintiff's Complaint, Defendants admit that Plaintiff has pleaded this matter as a class action, but deny that they violated any law.

21.     Defendants PYOD and Resurgent regularly engage in debt collection, by filing proofs of claim in bankruptcy proceedings to attempt to collect on debts which are beyond the statute of limitations.

RESPONSE:     Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by filing proofs of claim on time-barred debts.

RESPONSE:     Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Plaintiff Patrick's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

RESPONSE:     Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

RESPONSE:     Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Plaintiff Patrick will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of

9

the Class and will be established by common proof.  Moreover, Plaintiff Patrick has retained

counsel experienced in class action litigation, including class actions brought under the FDCPA.

    <u>RESPONSE:</u>    Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff demands a jury trial, but denies that Plaintiff is entitled to

a trial as to any of her claims against Defendants, as Plaintiff's claims against them are without

merit.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was

due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to

any liability of Defendants.

## THIRD DEFENSE

Any violation of the FDCPA, which Defendants deny, was not intentional and resulted, if

at all, from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted

to avoid such errors, if applicable.

## FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was

due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to

any claim of damages against Defendants.

## **FIFTH DEFENSE**

Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy that

arises out of the transactions that are the subject matter of the instant litigation.

WHEREFORE, Defendants respectively request the following relief from the above-

named court:

1.     Dismissing Plaintiff's Complaint with prejudice and on the merits; and

2.     Granting Defendants such other and further relief as the court deems just and
       equitable.


Dated:  December 12, 2014                    */s/ Jeanine Kerridge*
                                             Jeanine Kerridge
                                             BARNES & THORNBURG LLP
                                             11 South Meridian Street
                                             Indianapolis, IN 46204
                                             Telephone: (317) 236-1313
                                             Facsimile: (317) 231-7433
                                             jkerridge@btlaw.com

                                             John P. Boyle, admitted pro hac vice
                                             MOSS & BARNETT, P.A.
                                             4800 Wells Fargo Center
                                             90 South Seventh Street
                                             Minneapolis, MN 55402-4129
                                             Telephone: (612) 877-5253
                                             Facsimile: (612) 877-5999
                                             john.boyle@lawmoss.com

                                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of December, 2014, a copy of the foregoing was filed electronically using the CM/ECF system and is available to all counsel of record using same.

_s/s Jeanine Kerridge_____

INDS02 1350672v1